IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LANCE STOUT, individual and as
Guardian of C.S., a minor child, as
Administrator of the estate of Stacey
Michelle Stout, et al.,

        Plaintiffs,

v.                                 Case No. 15-cv-379-WPJ

OKLAHOMA HIGHWAY PATROL
TROOPER DANNY LONG, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SECOND AMENDED COMPLAINT

THIS MATTER comes before the Court upon Plaintiffs Lance Stout and Barbre Stout's Motion to File Second Amended Complaint (**Doc. 28**), filed September 11, 2015. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiffs' motion is well taken and, therefore, is **GRANTED**.

### BACKGROUND

Given the filings to date, the Court assumes the reader's familiarity with the factual allegations underlying this action. However, the Court highlights relevant procedural developments. Defendant United States filed a Motion to Dismiss (**Doc. 22**) on August 14, 2015, and Defendant Individual Defendants filed a Motion to Dismiss (**Doc. 25**) on the same day. On September 11, 2015, Plaintiffs filed a Response to the United States' Motion to Dismiss (**Doc. 29**) and also filed the Motion for Second Amended Complaint (**Doc. 28**) that is the subject of this

Order. Defendant United States then filed a Reply in Support of their Motion to Dismiss (**Doc. 32**) on September 18, 2015.

Plaintiffs subsequently filed a Response to the Individual Defendants' Motion to Dismiss (**Doc. 33**) on September 21, 2015. Individual Defendants then filed a Reply in Support of their Motion to Dismiss (**Doc. 34**) on September 29, 2015. Defendant City of Oklahoma City then filed an "Objection" to Plaintiffs' Motion for Second Amended Complaint (**Doc. 35**) on September 30, 2015. On October 2, 2015, the United States and Individual Defendants filed a Response to Plaintiffs' Motion for Second Amended Complaint, (**Doc. 36**) and (**Doc. 37**) respectively. Finally, on October 16, 2015, Plaintiffs filed Replies to the Individual Defendant's Response (**Doc. 41**), the United States' Response (**Doc. 42**), and City of Oklahoma City's Objection (**Doc. 43**).

## LEGAL STANDARD

After Plaintiffs have previously amended their pleadings, they may amend their Complaint only by leave of the Court or upon written consent of the adverse parties. *See* FED. R. CIV. P. 15(a)(2). Rule 15(a) states that leave shall be freely given when justice so requires. *Id.* However, if the Court determines that there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, a court may deny leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason . . . ." *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997) (citations omitted).

## DISCUSSION

Plaintiffs' proposed Second Amended Complaint addresses the dismissal of the County Commissioners as Defendants and the United States' Notice of Substitution and Certification (**Doc. 21**). Further, it removes Count II of Plaintiffs' First Amended Complaint, an excessive force claim pursuant to the Oklahoma Constitution and *Bosh v. Cherokee Cty. Bldg. Authority*, 305 P.3d 994 (Okla. 2013). Instead, Count II of Plaintiffs' proposed Second Amended Complaint alleges negligence/wrongful death against the United States under the Federal Tort Claims Act ("FTCA") and against the City of Oklahoma City ("OKC"). Additionally, Plaintiffs seek to clarify that Claim I, a claim under 42 U.S.C. § 1983, is alleged only against OKC and the individual Defendants Long, Leone, Pope, Grimes, and Johnson. Finally, Plaintiffs seek to further clarify that their claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) are stated against individual Defendants Stephens and Groom, and in the alternative to the § 1983 claims against Defendants Long, Leone, Pope, Grimes, and Johnson.

I.   **The Individual Defendants' Response**

In their Response, the Individual Defendants argue that Plaintiffs' Motion should be denied as futile and unduly prejudicial. The Individual Defendants point to Plaintiffs' failure to remedy defects outlined in the Individual Defendants' Motion to Dismiss and Reply, and for advancing inconsistent theories regarding the shooting of Stacey Stout. Specifically, in a footnote, the Individual Defendants point to Plaintiffs' Amended Complaint, which places the maneuver to stop Christopher Stout's vehicle on an open road next to an interstate onramp, compared to Plaintiffs' Response to the United States' Motion to Dismiss, which claims that the vehicle was stopped in a motel parking lot. The Individual Defendants argue that such inconsistent details are unduly prejudicial.

Plaintiffs argue that the Tort Claim Notice need only "give notice of the underlying facts and circumstances 'rather than the exact grounds upon which [the claimant] seeks to hold the government liable.'" *Staggs v. United States ex rel. Dep't of Health & Human Servs.*, 425 F.3d 881, 884 (10th Cir. 2005) (alterations in original). They assert that their Notice provided the essential elements of what occurred that night. Further, Plaintiffs argue that the exact timing and exact location of the shooting do not go to the elements of the claims and do not prejudice the Individual Defendants. Because the course of events began in the motel parking lot, continued through the intersection at S.E. 44th Street and Interstate 35, and finally ended near an onramp onto Interstate 35, Plaintiffs argue that their pleadings reflect the facts known at the time and do not prejudice the Individual Defendants.

The Court agrees with Plaintiffs that their Tort Claim Notice provided the essential elements to give notice of the underlying facts and circumstances, and that the slight variations in factual descriptions amongst the numerous pleadings in this case do not go to the elements of the claim. Finally, the Court agrees that the Individual Defendants have not demonstrated how they will be prejudiced by the Plaintiffs' Amended Complaint.

## II.     The United States' Response

First, the United States argues that Plaintiffs' have failed to administratively exhaust their claims; a jurisdictional prerequisite to suit. The United States acknowledges that Plaintiffs attached an administrative claim to show administrative exhaustion, but counters that such a claim did not encompass the claims of *all* Plaintiffs, and further, is "forever barred" because the claim was administratively denied more than six months prior to the filing of the present suit.

The United States fails to address Plaintiffs' response to this same argument originally raised in their Response to the United States' Motion to Dismiss (**Doc. 29**); namely, that

Plaintiffs never received a response from the United States Marshals Service despite the Marshals Service acknowledging receipt of their Tort Claim Notice on August 14, 2013. *See* Dkt. #29-1, Ex. 1. An agency's failure to issue a decision within six months after a claim is filed cannot serve as notice of a final denial. *See Stahl v. United States*, 732 F. Supp. 86, 87–88 (D. Kan. 1990). Where an agency never responds to an FTCA notice, the six month limitation period is never activated and the two-year statute of limitations is the proper time period. *See id.* at 88. Thus, Plaintiffs' claim is timely.

The United States next argues that Plaintiffs' Tort Claim Notice does not encompass the claims of *all* Plaintiffs. Yet Plaintiffs' Letter of Representation to the US Marshal's Service, mailed with their Claim for Damage, Injury, or Death, is notarized and signed by Lance Stout and Barbre Stout "as individuals, co-Administrators of the Estate of Stacey Michelle Stout, and Guardians of C.S., a minor child." Dkt. #29-1, Ex. 1. To the Court, the administrative claim clearly encompasses the claims of "*all* Plaintiffs."

Finally, the United States argues that the Plaintiffs, despite their argument to the contrary, proffered an administrative claim for their suit that alleges a conspiracy to kill the Stouts. The Plaintiffs retort that the United States' suggestion that they must continue to allege a conspiracy in their Complaint that was in their Tort Claim Notice creates a non-existent requirement. Regardless, the United States does not indicate how they are prejudiced by Plaintiffs' original conspiracy claim or how proffering this administrative claim makes their Amended Complaint futile.

## III. The City of Oklahoma City's Response

The City of Oklahoma City ("OKC") first argues that Plaintiffs' counsel failed to advise the Court of any attempt to contact the attorneys for OKC, thus failing to comply with LCvR

7.1(k). While this Court would otherwise strike Plaintiffs' Motion as failing to comply with the local rules, given that OKC nevertheless filed a Response to Plaintiffs' Motion, the Court will not require Plaintiffs to re-file their Motion. However, the Court expects Plaintiffs to notify counsel for OKC in any subsequent motions.

OKC also argues that "Plaintiffs fail to recite compliance with the GTCA, 51 O.S. § 151, *et seq.*, which is jurisdictional," and provide a bare recitation of three Oklahoma state cases. Dkt. #35, at 4. Plaintiffs argue that OKC's Answer admitted Plaintiffs' proper tort claim notice, stating "Plaintiffs complied with the Governmental Tort Claims Act, 51 O.S. § 151, *et seq.*, by filing a Notice of Tort Claim on July 22, 2013." Dkt. #12, at 6 ¶ 35. However, it appears OKC's full answer sought to dispute the timeliness of Plaintiffs Notice of Tort Claim, as they continue, "and filing a lawsuit on July 23, 103, which is not proper, but was dismissed as to Defendant City by the Court on November 4, 2013." *Id.* Regardless, OKC does not explain how, if Plaintiffs indeed have failed to recite compliance with the GTCA, the Plaintiffs' Amended Complaint is futile or unduly prejudicial to OKC. Thus, this Court will agree with Plaintiffs that a failure to exhaust argument may be raised by OKC in a responsive pleading.

OKC next argues that Plaintiffs have failed to allege the proper elements of a § 1983 claim against a municipality. Specifically, OKC points to the failure to allege that the use of force "arose under circumstances that constitute an unusual [sic] and recurring situation" and that there is a "direct casual [sic] link between the constitutional deprivation and the inadequate training." Dkt. #35, at 5 (citing *Carr v. Castle*, 337 F.3d 1221, 1228 (10th Cir. 2003)). While Plaintiffs' have alleged that law enforcement exceeded constitutional limitations and alleged that OKC was deliberately indifferent, they have not alleged the remaining two requirements for a

municipal liability claim. Plaintiffs' proposed Second Amended Complaint should reflect these requirements, or this Claim will be stricken.

The remainder of OKC's Response attacks the factual basis of Plaintiffs' claims: questioning the number of bullets fired, whether or not medical treatment was provided, and whether shouting is reasonable to stop gunfire. Such factual disputes do not address whether Plaintiffs' amendments would be futile, prejudicial, or any other reason to deny Plaintiffs' Motion to Amend.

## CONCLUSION

In summary, Plaintiffs may file their proposed Second Amended Complaint. In light of this Court's Granting of Plaintiffs' Motion for Second Amended Complaint, and given that it adds new parties and claims and removes certain claims, in the interests of judicial efficiency, the Court denies without prejudice United States' and Individual Defendants' Motions to Dismiss, subject to re-filing within fourteen (14) days of Plaintiffs' filing of their Second Amended Complaint.

Plaintiffs must file their revised Second Amended Complaint **within ten (10) days** of the entry of this Memorandum Opinion and Order. Upon the filing of that pleading, Defendants will have **fourteen (14) days** to re-file their responsive pleading(s).

    SO ORDERED

_____
**UNITED STATES DISTRICT JUDGE**