**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

LANCE STOUT, et al.,

        Plaintiffs,

v.                                      Case No. 15-cv-379-WPJ

UNITED STATES OF AMERICA, et al.

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT CITY'S PARTIAL MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant City of Oklahoma City's ("Defendant" or "City") Partial Motion to Dismiss (**Doc. 47**), filed November 25, 2015. Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is well-taken and therefore **GRANTED** as herein described.

### FACTUAL BACKGROUND

Given the filings to date, the Court assumes the reader's familiarity with the factual allegations underlying this action. However, the Court highlights relevant procedural developments. The City filed a Partial Motion to Dismiss (**Doc. 47**) on November 25, 2015. Plaintiffs Lance and Barbre Stout ("Plaintiffs") filed a Response (**Doc. 53**) on December 14, 2015. The City filed a Reply (**Doc. 55**) on December 21, 2015.

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 8(a)(2), in turn, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled

to relief." Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions. *See id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

**DISCUSSION**

The City's Motion to Dismiss raises two arguments: first, that Plaintiffs have failed to comply with the Oklahoma Governmental Tort Claims Act ("OGTCA"), and second, that Plaintiffs have failed to state a negligence claim against the City. The Court addresses each argument in turn.

**A.      Compliance with the Oklahoma Governmental Tort Claims Act**

The City argues that Plaintiffs' Second Amended Complaint has failed to plead compliance with the OGTCA's notice provisions, a jurisdictional requirement, and moreover, Plaintiffs have failed to actually comply with the notice provision mandated by the OGTCA. Therefore, their state law claims against the City are barred. The notice provision states that a person may not maintain an action against the City unless they have filed a tort claim notice and that claim is denied or deemed denied upon the expiration of the 90-day review period. A person then has 180 days to file a lawsuit from the date of denial. In this case, Plaintiffs' former counsel filed a lawsuit and on the same day sent a tort claim notice to the City, which was received on

July 22, 2013. This failed to comply with the OGTCA 90-day review period. The 90-day review period expired on October 17, 2013. The City was ultimately dismissed from *Stout I*, docketed as 13-cv-753. Thus, Plaintiffs then had until April 15, 2014 in which to file their lawsuit. Plaintiffs' current counsel filed their lawsuit on April 8, 2015, well after the 180-day period. The Oklahoma Supreme Court has explained that a claimant whose action has been previously dismissed may re-file the action after the 90-day period but before expiration of the 180-day limitation. *See Hathway v. State ex rel.*, *Medical Research and Technical Auth.*, 49 P.3d 740, 744 (Okla. 2002). Therefore, the City argues that Plaintiffs have failed to plead compliance with the OGTCA and failed to actually comply with the notice provisions. As compliance is jurisdictional in nature, Plaintiffs' state law claims against the City must be dismissed.

Plaintiffs argue that only substantial compliance with the requirements of the OGTCA is required and the City has failed to state how this delay prejudiced their defense. *See Lopez v. City of Tulsa, OK*, No. 09-cv-757-TCK-FHM, 2012 WL 3825395, *3 (N.D. Okla. Sept. 27, 2010) ("Rather '[s]ubstantial compliance with the notice provision of the GTCA is sufficient when the political subdivision is not prejudiced, and the provided information satisfies the purposes of the statutory notice requirement.'") (citations omitted). Further, Plaintiffs argue that the federal court system is not required to adhere to additional state court procedural prerequisites before bringing suit if they are in violation of Federal Rule of Civil Procedure 8. Additionally, Plaintiffs argue that the City's reliance on *Hathway* is misplaced because that case examined a claim filed too early rather than too late.

The Court finds, as the City argues in its Reply, that timely notice of the tort claim is a jurisdictional prerequisite to bringing suit, which the Oklahoma Supreme Court has explained prevents a court from exercising subject matter jurisdiction to extend the 180-day time period

governing the OGTCA. *See Shanbour v. Hollingsworth*, 918 P.2d 73, 75 (Okla. 1996) (affirming the district court's determination that it lacked jurisdiction to extend the time period, even when the suit was commenced only two days outside of the 180-day time period due to the attorney's need to undergo non-elective surgery). The Court also agrees with the City that *Lopez v. City of Tulsa, OK*, cited by Plaintiffs, addressed the OGTCA requirement that the claim notice adequately describe the nature of the claim and did not address compliance with the time periods for filing the claim. Additionally, the Court does not credit Plaintiffs' argument that Federal Rule of Civil Procedure 8 allows state tort claim notice requirements regarding a state law claim to be ignored simply because the lawsuit is brought in federal court.

There is an issue pending before the Court in an Order to Show Cause (**Doc. 70**) on whether Plaintiffs' former counsel abandoned legal representation of Plaintiffs so that the Court should apply the doctrine of equitable estoppel to toll the limitations period for Plaintiffs' federal claims. For purposes of analyzing and ruling on the instant motion, the Court assumes that Plaintiffs' former counsel abandoned their clients. Additionally, the Court notes that there is considerable authority from multiple federal circuit courts allowing equitable tolling in civil cases where a finding of abandonment has been made and the time limit to bring a claim is non-jurisdictional. However, in contrast to federal case precedent interpreting federal law, the Oklahoma Supreme Court has found that the 180-day time period is jurisdictional in nature and may not be extended, even for reasons of excusable neglect. Therefore, the Court agrees with the City that Plaintiffs' state law claims are barred.

**B.** **Negligence Claim Against the City**

Plaintiffs' Second Amended Complaint (**Doc. 45**), filed November 13, 2015, alleges claims against the City under 42 U.S.C. § 1983 and a state law negligence/wrongful death claim.

Plaintiffs have also alleged a negligence/wrongful death claim against the United States under the Federal Tort Claims Act ("FTCA"), as well as *Bivens* and § 1983 claims against the individual law enforcement officers. The individual defendants are all employees of local law enforcement agencies, with the exception of Defendants Stephens and Groom, who were serving as Special Deputy U.S. Marshals at the time of the incident.

Defendant argues that the FTCA provides that it is the exclusive remedy for torts committed by a federal employee, including temporary agents. *See Farag v. United States*, 587 F. Supp. 2d 436, 471 (E.D.N.Y. 2008). The United States' certification that an individual was acting in a federal capacity automatically converts a tort-based claim against an individual to an action against the United States. *See Void-El v. O'Brien*, 811 F. Supp. 2d 255, 259–60 (D.C. Cir. 2011). Defendant notes that this Court has already overruled Plaintiffs' objections to the United States' certification and spoken unambiguously on the question of the United States' Westfall Act certification in *Stout II*. *See* 14-cv-427-WPJ, Doc. 68. Thus, Defendant argues that the United States is the only proper defendant for the tort-based claims of negligence/wrongful death based on state law. Because the individual local law enforcement officers were all acting as federal employees at the time of the incident, any alleged negligent conduct is attributable to the federal government, not the City. Thus, Defendant concludes that Plaintiffs' Second Claim for Relief should be dismissed.

Plaintiffs argue that the United States' Westfall Act certification does not apply to the City itself as the City is not and cannot be a federal employee. Additionally, the FTCA does not shield the City from liability for their alleged failure to properly train their employees, and municipalities may be considered persons under § 1983 and therefore liable for constitutional violations. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Additionally, Plaintiffs

argue that Defendant Johnson was acting as an employee of the City and was still operating pursuant to the scope of the City's employment when the incident occurred. Under the loaned servant doctrine, there is a factual question as to whether or not the City released full authority and control of Officer Johnson to the United States Marshal's Service. Plaintiffs argue that the facts as presented show that the City had not surrendered full control of Officer Johnson to the United States.

The City replies, and the Court agrees, that the majority of Plaintiffs' Response Brief responds to an argument that the City seeks dismissal of all claims against it on FTCA grounds. However, the City only seeks dismissal of Plaintiffs' state law negligence/wrongful death claim against the City. The Court has already determined that the Attorney General certified that the individuals defendants were federal employees acting within the scope of their employment, and Plaintiffs failed to show facts rebutting the presumption that substitution under the Westfall Act was proper. The Tenth Circuit has also recognized that the United States should be substituted as the sole defendant when an action is brought under the FTCA. *See Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995). Further, a law enforcement officer's conduct can be attributed to the federal government despite the fact that the officer is employed by a municipality. *See West v. City of Mesa*, No. CV-12-00657-PHX-DGC, 2015 WL 1959467, *9 (D. Ariz. April 29, 2015). The Court agrees that because the individual local law enforcement officers were all acting as federal employees at the time of the incident, any alleged negligent conduct is attributable to the federal government, not the City. Plaintiffs argue that dismissal of the state law negligence/wrongful death claim could impact the City's liability as to Plaintiffs' § 1983 claims. While that may be the case, the United States' Westfall Act certification and Plaintiffs' failure to rebut the presumption that certification was proper means that the state law negligence/wrongful

death claims must be dismissed.

**C**ONCLUSION

Thus, Plaintiffs' Second Claim for Relief alleging negligence/wrongful death as to the City is hereby dismissed. The Court makes clear that Plaintiffs' First Claim for Relief, a 42 U.S.C. § 1983 claim against the City, remains in the litigation and therefore the City itself remains as a Defendant.

Accordingly, the Court finds that Defendant's Partial Motion to Dismiss is well-taken and therefore **GRANTED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE