IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LANCE STOUT, et al.,

        Plaintiffs,

v.                                  Case No. 15-cv-379-WPJ

UNITED STATES OF AMERICA, et al.

        Defendants.

**AMENDED MEMORANDUM OPINION AND ORDER
AND
ORDER VACATING THE COURT'S PREVIOUS MEMORANDUM OPINION AND
ORDER (DOC. 92)[1]**

THIS MATTER comes before the Court upon Defendant United States' Motion for Summary Judgment, or in the Alternative, Motion to Dismiss (**Doc. 51**), filed December 4, 2015. Having reviewed the relevant pleadings of the parties and the applicable law, the Court finds that Defendant's motion is well-taken and therefore **GRANTED** as herein described.

**FACTUAL BACKGROUND**

Given the filings to date, the Court assumes the reader's familiarity with the factual allegations underlying this action. However, the Court highlights relevant procedural developments. The United States filed a Motion for Summary Judgment, or in the Alternative, Motion to Dismiss (**Doc. 51**) on December 4, 2015. Plaintiffs Lance Stout and Barbre Stout ("Plaintiffs") filed a Response (**Doc. 61**) on January 15, 2016. The United States filed a Reply

---

[1] This Amended Memorandum Opinion and Order changes only the basis for the Court's dismissal of the United States to clarify that such dismissal is jurisdictional pursuant to Rule 12(b)(1) rather than on the merits pursuant to 12(b)(6). *See* Doc. 92, at 8–9. Plaintiffs do not invoke this Court's subject matter jurisdiction because they failed to establish that Oklahoma law recognizes a comparable liability for private persons on a tort claim of failure to intervene. *See generally Lujan v. City of Santa Fe*, 122 F. Supp. 3d 1215, 1238 (D.N.M. 2015) (quoting Fed. R. Civ. P. 54(b)) ("Rule 54(b) thus (i) provides that a district court can freely reconsider its prior rulings; and (ii) puts no limit or governing standard on the district court's ability to do so, other than that it must do so 'before the entry of judgment.'").

(**Doc. 62**) on January 22, 2016. Oral argument on the United States' motion was held on July 7, 2016.

## LEGAL STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (internal quotation marks omitted). Once the movant meets this burden, Rule 56 requires the non-moving party to designate specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). It is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations or denials of his pleadings." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. A mere "scintilla" of evidence will not avoid summary judgment. *See Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993). Rather, there must be sufficient evidence on which the fact finder could reasonably find for the non-moving party. *See Anderson*, 477 U.S. at 251. That said, the court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light

most favorable to the non-moving party. *See Hunt v. Cromartie*, 526 U.S. 541, 550–55 (1999).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 8(a)(2), in turn, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions. *See id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

"Insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, *sua sponte,* satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties." *Tafoya v. U.S. Dep't of Justice, Law Enf't Assistance Admin.*, 748 F.2d 1389, 1390 (10th Cir. 1984). "Jurisdictional questions are of primary concern and can be raised at any time by courts on their own motion." *Bd. of Cty. Comm'rs for Garfield Cty., Colo. v. W.H.I., Inc.*, 992 F.2d 1061, 1063 (10th Cir. 1993).

## DISCUSSION

Plaintiffs' claim against the United States arises under the Federal Tort Claims Act ("FTCA"), alleging that the employees and agents of the United States had a duty to intervene

3

and prevent other law enforcement officers from using excessive force. Plaintiffs allege that the employees and agents breached that duty when they failed to intervene to stop the firing of approximately 75 bullets at Stacey Stout ("Ms. Stout").

The United States presents three main arguments. First, Plaintiffs' claim is forever barred because Plaintiffs filed suit more than six months after the denial of their administrative claims. Second, Plaintiffs have failed to sufficiently allege facts to plausibly state a claim.

Third, Plaintiffs' claim cannot survive because there is no analogous action against private persons under Oklahoma law. The Court addresses each of the arguments in turn.

## I. Plaintiffs' Claim is "Forever Barred"

Plaintiffs presented two administrative claims to the United States Marshals Service under the FTCA. The first claim, dated August 1, 2013, was presented on behalf of Barbre and Lance Stout as Personal Representatives of the Estate of Stacey Michelle Stout. The second claim, dated August 1, 2013, was presented on behalf of Barbre and Lance Stout as Guardians of C.S., a minor child.

The United States argues that because Plaintiffs filed suit more than six months after the denial of their administrative claim, those claims are "forever barred." *See* 28 U.S.C. § 2401(b). 28 U.S.C. § 2401(b) requires that a tort claim against the United States be filed within six months after the date of mailing of the notice of final denial of the claim, or the claim is forever barred. As exhibits and an affidavit, the United States shows that Plaintiffs' administrative claim was denied June 17, 2014, and that Plaintiffs' original counsel received the denials by certified mail on June 20, 2014. Nonetheless, Plaintiffs did not file suit until April 8, 2015, almost ten months after the denial of their administrative claims. Thus, their claims are barred.

Plaintiffs argue that *United States v. Kwai Fun Wong*, recently decided by the United

4

States Supreme Court, resolves the issue at hand. *See* 135 S. Ct. 1625 (2015). There, the Supreme Court interpreted "forever barred" to mean that "[i]t does not define a federal court's jurisdiction over tort claims generally, address its authority to hear untimely suits, or in any way cabin its usual equitable powers." *Id.* at 1633. Because Section 2401(b) reads like an ordinary, run-of-the-mill statute of limitations, Congress' separation of a filing deadline from a jurisdictional grant indicates that the time bar is not jurisdictional and therefore does not preclude tolling when circumstances warrant. *See id* at 1633–38. Plaintiffs argue that equitable tolling is appropriate in certain extraordinary cases. In *Holland v. Florida*, 560 U.S. 631 (2010), the lawyer in the case effectively abandoned his client and missed an important filing deadline. *Holland* involved a habeas corpus petition in a death penalty case. *See* id. at 634. The Supreme Court found equitable tolling applied where counsel had abandoned his client. *See id.* at 652. Plaintiffs, in their argument and in an attached affidavit of Barbre Stout ("Ms. Stout"), provide facts in support of their request that the Court find equitable tolling appropriate in this circumstance.

The United States, in its Reply, argues that the affidavits attached to Plaintiffs' Response are inadmissible and fail to show that Plaintiffs have demonstrated the diligence and extraordinary circumstances required for equitable tolling. However, the Court finds that at the July 7, 2016 hearing regarding the Order to Show Cause for Abandonment (**Doc. 70**) and Order to Show Cause for Sanctions (**Doc. 71**) directed at Plaintiffs' former counsel, testimony provided by Plaintiffs' former counsel and Ms. Stout sufficiently demonstrated that extraordinary circumstances existed and that Plaintiffs pursued their rights diligently. As outlined in detail in the Court's Order Finding Abandonment (**Doc. 90**), the Court finds both a factual and legal basis demonstrating that equitable tolling is appropriate in the unique circumstances pertaining to this

5

case. Therefore, the Court finds that Plaintiffs' claim, while filed more than six months after the denial of their administrative claims, is not "forever barred" under 28 U.S.C. § 2401(b), and that equitable tolling of the six-month period is appropriate. Accordingly, the Court declines to enter judgment on behalf of the United States based upon the six-month requirement under 28 U.S.C. § 2401(b).

II.  **Plausibility of Plaintiffs' Second Amended Complaint**

The United States next argues that Plaintiffs' claim should be dismissed for failure to state a claim upon which relief can be granted. The United States notes that Plaintiffs' Second Amended Complaint (**Doc. 45**) does not identify which officers could have intervened or the means by which they could have intervened, contains no allegations that the officers knew that any particular individual would discharge their weapons, and does not allege deliberation amongst the United States' officers regarding the shooting.

Plaintiffs counter that the claims that the officers of the United States failed to intervene are well supported by the facts set out in the Second Amended Complaint. Plaintiffs have alleged that there was such an extended barrage of gunfire that the officers emptied their clips and may have stopped and reloaded, giving each officer ample opportunity to call for the others to cease fire. Further, Plaintiffs have alleged that the officers ordered Ms. Stout to raise her hands prior to the shooting, giving further opportunity to prevent the use of deadly force.

The Court does not address the United States' first argument that Plaintiffs have failed to sufficiently allege facts to plausibly state a claim upon which relief can be granted, because the Court finds and concludes that Plaintiffs have failed to meet a threshold requirement of the FTCA to show state law recognizes a comparable liability for private persons. *See Ayala v. United States*, 49 F.3d 607, 610–11 (10th Cir. 1995). Because Plaintiffs have not invoked this

6

Court's jurisdiction over their FTCA claim, this Court does not pass judgment on the merits of Plaintiffs' claims that the officers failed to intervene. *See infra* § III.

### III. Plaintiffs' Claim Lacks an Analogous Action Under Oklahoma Law

The United States points out that under the FTCA, the United States is liable for tort claims in the same manner and extent as a private individual under like circumstances. *See* 28 U.S.C. § 2674. Correspondingly, federal courts only have jurisdiction over claims for damages under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *See* 28 U.S.C. § 1346(b)(1). Thus, the United States is not liable under the FTCA unless state law recognizes a comparable liability for private persons. *See Ayala v. United States*, 49 F.3d 607, 610–11 (10th Cir. 1995). Oklahoma state law does not impose a duty on an actor to anticipate or prevent the intentional or criminal acts of a third party unless: (1) the actor has a special responsibility toward the one who suffers the harm; and (2) where the actor's own affirmative act has created or exposed the other to a high degree of risk of harm through such misconduct. *See Henry v. Merck & Co.*, 877 F.2d 1489, 1492 (10th Cir. 1989); *Wofford v. Eastern State Hosp.*, 795 P.2d 516, 518 (Okla. 1990). The special responsibility requires a foreseeability of the specific risk to the victim. *See id*. at 1492. The United States argues that Plaintiffs' Second Amended Complaint contains no allegations sufficient to create foreseeability. Further, the United States' officers have no special responsibility toward fleeing fugitives, and absent some pre-shooting act of misconduct by the United States' officers, there was no obligation to intervene.

As to the United States' second argument, Plaintiffs assert that the United States is liable under both types of special circumstances that create a duty to anticipate and prevent the acts of a third party. First, Plaintiffs argue that Ms. Stout was not a fleeing fugitive and merely a

passenger in Christopher Stout's vehicle and was in the officer's custody when the events took place. At that point, the officers had a special responsibility to intervene to protect Ms. Stout. Next, the second exception is met when the officers pointed their guns at Ms. Stout, which no one could reasonably question placed her at a recognizable high risk of harm. *See Holland ex. rel. Overdorff v. Harrington*, 268 F.3d 1179, 1192 (10th Cir. 2008) ("[P]ointing of firearms directly at persons inescapably involves the immediate threat of deadly force."). The officers who pointed their weapons at Ms. Stout thus had a duty under Oklahoma law to intervene to prevent her from suffering unnecessary harm. Additionally, Plaintiffs argue that under Oklahoma law, "[n]egligent performance of a law enforcement function is not shielded from liability under Oklahoma Governmental Tort Claims Act." *State ex rel. v. Okla. Dep't of Public Safety v. Gurich*, 238 P.3d 1, 4 (Okla. 2010). Thus, just as a private citizen in Oklahoma conducting a citizen's arrest would have a "special responsibility" toward the arrestee, the United States has that same responsibility as a private person for purposes of the FTCA.

Next, the United States argues that Plaintiffs have failed to show that the officers had advance notice of a shooting or reasonably knew that a shooting would occur, and thus have failed to show foreseeability. As to the two types of special circumstances that create a duty to anticipate and prevent the acts of a third party, the United States argues that neither should apply. First, there is no special relationship with fleeing felons, and there are serious differences between the initial moment of seizure and being held in the custody of law enforcement. Ms. Stout was not in the custody of law enforcement. Oklahoma courts have followed the Restatement and limited the obligation of protection to those instances in which the person is deprived from their normal power of self-protection. *See Restatement (Second) Of Torts* § 320 (1965). Second, the officers did not expose Ms. Stout to danger through their own misconduct,

8

as it was the flight of Christopher Stout, with Ms. Stout as a passenger, that created the need to point a weapon in his direction.[2]

The Court agrees with the United States that Oklahoma state law only recognizes a duty to intervene in two special circumstances, neither one of which is present here. Because the United States is not liable under the FTCA unless state law recognizes a comparable liability for private persons, the Court finds that Plaintiffs' claim against the United States should be dismissed.

As to the first duty, Plaintiffs admit that Oklahoma has not applied the law in this particular circumstance. Situations in which a special responsibility exists under Oklahoma law have mainly involved standard tort relationships such as those between a patient and a doctor or temporary custody of a minor child. *See, e.g.*, *Wofford*, 795 P.2d at 518 (discussing psychotherapist/patient relationship); *Brewer v. Murray*, 292 P.3d 41, 49–50 (Okla. Civ. App. 2012) (discussing custody of minor child). Under the facts as alleged by Plaintiffs, Ms. Stout was not in the custody of law enforcement at the time deadly force was used by the task force officers, as Ms. Stout was simply a passenger in the vehicle being driven by Christopher Stout. Consequently, under Oklahoma law the actor, i.e. the officers, had no special responsibility toward the one who suffers the harm, i.e. Ms. Stout. To rule in favor of Plaintiffs on this issue, this Court would have to expand the scope of state law liability beyond that which the Oklahoma appellate courts have recognized, a task this Court is not willing to undertake. In reaching this decision, the Court acknowledges that from a factual standpoint, Plaintiffs in this suit (*Stout III*) have a more compelling argument in asserting this FTCA claim than does Plaintiff in *Stout II*[3]

---

[2] Formal discovery in this suit has not yet begun. However, based on the Second Amended Complaint, the parties do not dispute that Mr. Stout initially started to drive away from law enforcement officers in his vehicle as the officers were attempting to serve the arrest warrant. *See* Doc. 45, ¶¶ 21–23.

[3] "*Stout II*" refers to the action filed by the Personal Representative of the Estate of Mr. Stout, 14-cv-427-WPJ.

because Ms. Stout did not have any type of outstanding warrant and was merely a passenger in Christopher Stout's vehicle. The question of whether officers owed a special duty under these circumstances is thus certainly a closer call as to Ms. Stout than it is to Mr. Stout. Nevertheless, the result in *Stout III* on the FTCA claim is the same as in *Stout II* based on the Court's reading of controlling Oklahoma law. As to the second duty, the Court finds that Plaintiffs have failed to show that the officers' affirmative acts created the high degree of risk of harm. Plaintiffs have not alleged or suggested that there was no arrest warrant for Christopher Stout or that the task force was not permitted to arrest him. Once Christopher Stout fled with Ms. Stout, it was not misconduct for the officers to point their weapons at a fleeing felon. Also, Plaintiffs have not explained how any affirmative act by each officer placed Ms. Stout in greater danger of being shot. Rather, Plaintiffs have alleged that the officers who pointed their weapons at Ms. Stout automatically created a high degree of risk of harm through such misconduct. The Court finds that after officers brought Christopher Stout's vehicle to a stop using a tactical vehicle intervention, it was not wrongful for the officers to then draw their weapons. Additionally, to agree with Plaintiffs would be to create a duty to intervene under Oklahoma law every time an officer draws his or her weapon.[4]

Plaintiffs fail to invoke this Court's subject matter jurisdiction, because they cannot show comparable liability for private persons under Oklahoma tort law based on a failure to intervene in these circumstances.[5] The FTCA extends jurisdiction to federal district courts for violations

---

"*Stout III*" refers to this action.

[4] The Court addresses these two tort duties only to the extent they would be necessary for Plaintiffs to make their requisite showing under 28 U.S.C. §§ 1346(b)(1) and 2674 that Oklahoma tort law recognizes comparable liability for private persons, in order to invoke this Court's jurisdiction.

[5] The United States moves for summary judgment under Rule 56(a), or in the alternative to dismiss based on Rule 12(b)(6), and part of its argument is premised on this Court lacking subject matter jurisdiction to hear Plaintiffs' FTCA claim. *See* Doc. 51, at 9–10. Accordingly, the Court grants this motion under Rule 12(b)(1). For example, in *Norman v. U.S. ex rel. Veteran's Admin. Med. Ctr.*, No. CIV-12-663-C, 2013 WL 425032, at *1 (W.D. Okla. Feb. 4, 2013), which the United States cites, the defendant moved to dismiss under Rule 12(b)(6) and Rule 12(b)(1)

of state common-law torts, as they exist among the states. *See* 28 U.S.C. § 1346(b)(1); *United States v. Olson,* 546 U.S. 43, 44, (2005) (sovereign immunity is waived under the FTCA when "local law would make a 'private person' liable in tort law"). The United States is thus liable for tortious acts to the same extent as private individuals "in accordance with the law of the place where an act or omission occurred." *Id.* The United States is deemed liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Put simply, if a plaintiff cannot identify a tortious act under the law of the state where the act occurred (in this case Oklahoma), a plaintiff cannot satisfy a jurisdictional prerequisite of 28 U.S.C. §§ 1346(b)(1) and 2674, and the district court should dismiss the FTCA claim for lack of subject matter jurisdiction.

Section 1346 is jurisdictional in nature.[6] *Pappas v. United States*, 617 Fed. Appx. 879, 881 (10th Cir. 2015) (quoting *FDIC v. Meyer*, 510 U.S. 471, 477 (1994)) ("To state a cognizable claim under § 1346(b), the FTCA's jurisdictional grant, a complaint must allege the elements of that provision, including, as relevant to the case at bar, that a private person would be liable to the plaintiff under the tort law of the state where the act or omission occurred."). Thus, the Court's dismissal of the United States based on Plaintiffs' failure to allege a private person would be liable under Oklahoma tort law constituted a jurisdictional flaw. *See Pappas*, 617 Fed. Appx. at 881 ("A claim that fails to allege facts sufficient to meet [§ 1346(b)'s] requirement

---

arguing plaintiff's pleading would be insufficient against a similarly situated private party under Oklahoma law. The court chose to evaluate the motion under Rule 12(b)(1) and dismissed the defendant as a jurisdictional matter. *See also Rehoboth McKinley Christian Healthcare Servs., Inc. v. U.S. Dep't of Health & Human Servs.*, 853 F. Supp. 2d 1107, 1113 (D.N.M. 2012) (court dismissed complaint under Rule 12(b)(1) due to plaintiff's failure to comply with 28 U.S.C. § 1346(b)(1)).

[6] In its Motion to Dismiss, the United States explicitly argued 28 U.S.C. §§ 1346(b)(1) and 2674 are jurisdictional requirements: "[S]uits that seek to impose liability against the United States in circumstances in which a private person would not be liable exceed the FTCA's waiver of sovereign immunity *and the courts' subject matter jurisdiction*." Doc. 51, at 10 (emphasis added). Hence, this Amended Memorandum Opinion and Order clarifies that the Court agrees with the United States' jurisdictional argument, and dismisses the United States for lack of subject matter jurisdiction.

must be dismissed for lack of subject matter jurisdiction.").

The United States cites one case which stands for this exact proposition. *See* Doc. 51, at 10 (quoting *Norman v. U.S. ex rel. Veteran's Admin. Med. Ctr.*, No. CIV-12-663-C, 2013 WL 425032, at *1 (W.D. Okla. Feb. 4, 2013) ("Plaintiff's failure to comply with Oklahoma's affidavit-of-merit requirement would doom a suit against a private party under Oklahoma law; *thus, there is no jurisdiction under the FTCA*, and Plaintiff's claim against the United States must be dismissed.")). In *Norman*, the court found the plaintiff's pleading would be insufficient against a similarly situated private party under Oklahoma law, so the court granted the defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1). *See id.* In other words, the plaintiff's failure to comply with a FTCA requirement "would doom a suit against a private party under Oklahoma law; thus, there is no jurisdiction under the FTCA and Plaintiff's claim against the United States must be dismissed." *See id.*

Similarly here, Plaintiffs' failure to comply with the FTCA by not showing comparable state liability dooms their FTCA claim. A duty to intervene under Oklahoma law exists only where: (1) the actor has a special responsibility toward the one who suffers the harm; and (2) where the actor's own affirmative act has created or exposed the other to a high degree of risk of harm through such misconduct. *See Henry v. Merck & Co.*, 877 F.2d 1489, 1492 (10th Cir. 1989); *Wofford v. Eastern State Hosp.*, 795 P.2d 516, 518 (Okla. 1990).

Accordingly, because the Court concludes it has no subject matter jurisdiction over Plaintiffs' FTCA claim, the Court need not address the United States argument that Plaintiffs failed to sufficiently allege facts to plausibly state a claim upon which relief can be granted. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of

announcing the fact and dismissing the cause."); *Payton v. U.S. Dep't of Agric.*, 337 F.3d 1163, 1167 (10th Cir. 2003) ("Jurisdiction is a threshold question that a federal court must address before reaching the merits.").

The Court's decision to grant the United States' Motion to Dismiss is based solely on Plaintiffs' failure to establish that Oklahoma law recognizes comparable liability for private persons under 28 U.S.C. § 1346(b)(1) and the Court's reluctance to expand the scope of existing state law liability beyond that which Oklahoma appellate courts have recognized. Because Plaintiffs have not made a threshold showing to bring their claim under the FTCA, the Court does not address the factual merits that claim. Plaintiffs failed to invoke the Court's subject matter jurisdiction because they cannot show Oklahoma law recognizes a duty to intervene under the circumstances alleged.

Accordingly, the Court finds that Defendant's Motion to Dismiss is well-taken, and therefore **GRANTED**. Plaintiffs' claim against the United States is hereby **DISMISSED WITHOUT PREJUDICE**. In addition, the Court's previous Memorandum Opinion and Order (Doc. 92) is hereby **VACATED**, consistent with this Amended Memorandum Opinion and Order.

    **SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE