LANCE STOUT, et al.,

        Plaintiffs,

v.                                                Case No. 15-cv-379-WPJ

UNITED STATES OF AMERICA, et al.

        Defendants.

**ORDER DENYING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE, SUMMARY JUDGMENT
AND
DENYING UNITED STATES' AND INDIVIDUAL DEFENDANTS' MOTION FOR
ENTRY OF JUDGMENT PURSUANT TO RULE 54(b)**

THIS MATTER comes before the Court upon United States' and Individual Defendants' Motion for Entry of Judgment Pursuant to Rule 54(b) (**Doc. 98**), and Individual Defendants' Motion to Dismiss, or in the Alternative, Summary Judgment (**Doc. 99**), filed October 3, 2016. Having reviewed the relevant pleadings of the parties and the applicable law, the Court finds that Defendants' Motions are not well-taken and therefore **DENIED** as herein described.

## BACKGROUND[1]

On April 9, 2013, Christopher Stout and his girlfriend, Stacey Stout, were shot and killed, during the course of the execution of a felony arrest warrant upon Mr. Stout by the seven Individual Defendants who were all officers participating as members of the U.S. Marshal's Metro Fugitive Task Force. Mr. Stout had been suspected of committing a burglary. The U.S. Marshal's Task Force alleged he attempted to make a getaway in his vehicle as officers attempted to serve the felony warrant at a motel in Oklahoma City. As Mr. Stout was driving

---

[1] The facts are taken from Plaintiffs' Second Amended Complaint. *See* Doc. 45. Since the Court is faced with a Motion to Dismiss, it presumes all well-pleaded allegations in the Second Amended Complaint are true. *See* Fed. R. Civ. P. 12(b)(6).

away from the motel with Ms. Stout as a passenger, Individual Defendants performed a tactical vehicle intervention maneuver, stopping Mr. Stout's car and surrounding him with their own cars. According to the Second Amended Complaint, Mr. Stout and Ms. Stout, realizing the Individual Defendants were law enforcement, immediately threw their hands into the air with open palms facing the windshield. The Individual Defendants then exited their vehicles, and began firing approximately 75 bullets into the car. Mr. Stout and Ms. Stout were both unarmed. Mr. Stout was pronounced dead at the scene. Ms. Stout was transported to a hospital where she was pronounced dead. The couple is survived by their young daughter.

Given the voluminous filings to date, the Court assumes the reader's familiarity with the procedural history underlying this action; however, the Court highlights several recent developments. On December 15, 2016, the Court dismissed Plaintiffs' claim against the United States, without prejudice. *See* Doc. 112.[2] Plaintiffs had alleged under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), that the United States was liable for failure to intervene and prevent law enforcement officers from using excessive force, resulting in Ms. Stout's death. *See* Doc. 45. In dismissing the FTCA claim, the Court specifically found Oklahoma law does not recognize a "failure to intervene" tort claim for a private party, a requirement of FTCA jurisdiction under 28 U.S.C. §§ 1346(b) and 2674. *See* Doc. 112, at 7–8. The Court explained federal courts only have jurisdiction over claims for damages under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *See* 28 U.S.C. § 1346(b)(1). Correspondingly, Plaintiffs failed to invoke this Court's subject matter jurisdiction.

---

[2] In its Amended Order, the Court vacated its prior Memorandum Opinion and Order (Doc. 92) that dismissed the United States with prejudice. The Court further clarified that the dismissal of the United States was based on Plaintiffs' failure to meet the jurisdictional prerequisites of the Federal Tort Claim Act because they failed to show Oklahoma law recognizes a comparable liability for private persons. *See* Doc. 112.

Defendants the United States and James Leone, Ed Grimes, Kevin Johnson, Chad Pope, Danny Long, Callen Stevens, and Taran Groom ("Individual Defendants") filed a Motion for Entry of Judgment Pursuant to Rule 54(b) (**Doc. 98**) on October 3, 2016. Individual Defendants filed a Motion to Dismiss, or in the Alternative, Summary Judgment (**Doc. 99**) on October 3, 2016. Plaintiffs filed a Combined Response (**Doc. 109**) on November 14, 2016. Defendants filed a Reply (**Doc. 110**) on November 21, 2016.

## LEGAL STANDARD

"The purpose of Rule 54(b) 'is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.'" *Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (quoting 10 Charles A. Wright et al., *Federal Practice and Procedure: Civil* 2d § 2654 at 33 (1982)). Rule 54(b) also exists to preserve "the historic federal policy against piecemeal appeals." *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

A certification under Rule 54(b) is only appropriate when a district court makes two express determinations. First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case. *Oklahoma Turnpike*, 259 F.3d at 1242 (internal citations and quotation marks omitted).

"[T]he district court should act as a 'dispatcher' weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)).

"Rule 54(b) entries are not to be made routinely . . . Indeed, trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Oklahoma Turnpike*, 259 F.3d at 1242 (internal citations and quotation marks omitted).

## DISCUSSION

### I.     The United States And Individual Defendants Are Not Entitled To Final Judgment Under Rule 54(b).

The Court denies the Motion for Entry of Final Judgment Pursuant to Rule 54(b) because Defendants are not entitled to a finding that there is "no just reason for delay" in entering final judgment in favor of the United States on Plaintiffs' FTCA claim.

The United States and Individual Defendants move the Court to enter final judgment in favor of the United States under Fed. R. Civ. P. 54(b) on Plaintiffs' FTCA claim, evidently in an attempt to trigger the FTCA's judgment bar provision.[3] Defendants argue the Court's dismissal of the FTCA claim constitutes a complete bar to Plaintiffs' claims against Individual Defendants, thus there is no just reason to delay entry of judgment in favor of the United States under Rule 54(b). Defendants contend the interests of justice compel entry of final judgment on behalf of the United States to avoid unnecessary proceedings and piecemeal litigation. Defendants' position is basically that because they believe the FTCA judgment bar will ultimately preclude Plaintiff's individual claims, there is no just reason to delay entry of final judgment on Plaintiffs' claim against the United States.

Defendants further argue if the Court does not enter judgment, duplicative and piecemeal litigation will ensue. They insist that if Plaintiffs successfully appealed the Court's dismissal of

---

[3] The FTCA judgment bar, 28 U.S.C. § 2676, provides: "The judgment in an action under section 1346(b) of [the FTCA] shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." *See infra* § II.

the United States after a verdict for or against Individual Defendants, any remand would be for further proceedings after proceedings had already occurred for the claims against the Individual Defendants. Defendants argue Rule 54(b) is intended to remedy such results. Moreover, Defendants point out that the Court dismissed the claim against the United States regarding an "isolated legal issue" that is not otherwise at issue in this case. As such, the issues would not overlap with other issues remaining in this litigation. Defendants also contend that even if there were some overlapping issues, it is mitigated by the benefit of early review of the United States' dismissal. Defendants again argue that if the dismissal of the United States is appealed and then affirmed, there is no benefit to proceed through prolonged litigation on Plaintiffs' claim that will be barred even if it is successful.

In response, Plaintiffs first argue the reasons advanced by Defendants supporting entry of final judgment are founded on their meritless argument that Plaintiffs' claims against Individual Defendants are precluded by the FTCA judgment bar. Second, Plaintiffs point out the United States has failed to identify any hardship or injustice it might suffer absent the entry of final judgment. Third, entry of final judgment here would "guarantee a confusing array of litigation that will ultimately delay the final resolution of this case." More specifically, Plaintiffs argue entering final judgment on behalf of the United States and allowing it to proceed on appeal, while the remainder of the case proceeds in the district court, "makes no sense" and presents the type of fragmented litigation that Rule 54(b) is designed to prevent. Plaintiffs argue if this matter proceeds to trial against Individual Defendants and the City of Oklahoma City and results in a judgment favorable to Plaintiffs, the entire suit could be presented at once and resolved at that point. Similarly, if trial results in a judgment not favorable to Plaintiffs, the entire matter

could be resolved at that point in a unified appeal. Plaintiffs urge this Court not to permit fragmented appeals.

Defendants argue in the Reply that failure to grant the Rule 54(b) request would "necessitate a piecemeal approach at the trial level." *See United Bank of Pueblo v. Hartford Acc. & Indem. Co.*, 529 F.2d 490, 493 (10th Cir. 1976). Defendants contend failure to enter final judgment on behalf of the United States will result in "successive rounds of discovery, trials, and appeals."

The Court agrees with Plaintiffs and declines to enter judgment under Rule 54(b). The Court is not convinced by Defendants' circular argument that it should enter judgment because Plaintiffs' claims will ultimately be precluded under the FTCA judgment bar. Defendants' entire argument in this regard is based on a Rule 54 judgment that does not exist. *See* Doc. 98, at 8 ("[G]iven the eventual application of the judgment bar, there is no just cause for delay."). Defendants' sole argument is that, *if* this Court enters final judgment in favor of the United States, a verdict in favor of Plaintiffs would ultimately be barred under FTCA's judgment bar provision.

Next, and more importantly, the Court concludes that entry of final judgment in favor of the United States would likely result in the "confusing array of litigation" suggested by Plaintiffs. A Rule 54(b) judgment is a final, appealable order. *See* Fed. R. Civ. P. 54(b). The parties agree that the dismissal of Plaintiffs' FTCA claim meets the first part of the test for entry of final judgment under Rule 54(b). *See id.* The dismissal of the FTCA claim against the United States is final because it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Oklahoma Turnpike*, 259 F.3d at 1242.

Defendants' argument fails under the second requirement of Rule 54(b). The Court concludes there is just reason to delay appellate review of the Court's dismissal of the FCTA claim. The Court must weigh Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay. *See Stockman's Water Co.*, 425 F.3d at 1265. As Plaintiffs correctly note, Defendants have not identified sufficient hardship or injustice they might face because of a delay in the Court entering final judgment in favor of the United States. To the contrary, immediate appellate review of the United States' dismissal would not materially advance the ultimate resolution of this lawsuit.

Moreover, if the Court enters final judgment in favor of the United States as to the dismissal of the FTCA claim, a potentially messy series of fragmented litigation would likely follow. First and foremost, entering judgment pursuant to Rule 54(b) allows immediate appellate review of such an order. The Court finds multiple appeals would be redundant and that there is just cause for the delay of the appeal. If the Court were to grant Defendants' request, there could be two separate appeals. There is just cause to delay appealing the dismissal of the United States until the Court has disposed of all claims against all parties. This is a far more efficient use of this Court's, the Tenth Circuit's, and the parties' resources as opposed to allowing Defendants to pursue an inefficient, fragmented appeal approach, especially considering that all appeals would likely address the same issues of excessive force and whether such force resulted in Ms. Stout's death. The Court does not enter final judgment as to the FTCA claim, so that matter can be taken up on appeal upon the conclusion of this litigation as to all parties.

A Rule 54(b) final judgment should be reserved for a case where a delay in the appeal might result in prejudice to a party and such judgment is not to be granted routinely. *See Oklahoma Turnpike*, 259 F.3d at 1242 (internal quotation marks and citations omitted) ("[T]rial

courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships."). The United States and Individual Defendants have not established sufficient prejudice they would face if appeal is delayed that outweighs the policy against fragmented litigation. Most importantly, the Court finds that certifying final judgment in favor of the United States on Plaintiffs' FTCA claim at this point would result in a piecemeal approach at the trial level, and such a result ought to be avoided.

II.     **The Judgment Bar Does Not Preclude Plaintiffs' Claims Against Individual Defendants.**

The Court denies Individual Defendants' Motion to Dismiss, or in the Alternative, Summary Judgment.[4] The Court already declined to enter a final judgment in favor of the United States regarding Plaintiffs' FTCA claim. *See supra* § I. Accordingly, the motion is premature as the FTCA's judgment bar provision is not triggered. Moreover, even if there was a final judgment, the Court agrees with Plaintiffs that the dismissal of the FTCA claim for lack of subject matter jurisdiction does not invoke the FTCA judgment bar.

Individual Defendants first argue Plaintiffs' remaining claims must be dismissed under the FTCA's judgment bar provision, which provides that once a plaintiff receives a judgment in an FTCA suit, he or she cannot generally proceed with a suit against an individual based on the same underlying facts. *See* 28 U.S.C. § 2676; *Simmons v. Himmelreich*, 136 S.Ct. 1843, 1847 (2016). Individual Defendants state the claims against them stem from the same subject matter as the claims against the United States, so the judgment bar precludes the individual claims.

---

[4] The Court declines to convert the Motion into a Motion for Summary Judgment because it need not consider evidence outside the Complaint or the Motion Pleadings. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n. 1 (10th Cir. 2004) (when considering a motion to dismiss, the court is permitted to take judicial notice of its own files and records, as well as facts in the public records); *see also United States v. Bagby,* 696 F.3d 1074, 1083, n 7 (10th Cir. 2012).

Specifically, Plaintiffs alleged a *Bivens* claim that the Individual Defendants failed to intervene and prevent the use of deadly force against Ms. Stout. Likewise, Plaintiffs alleged in their FTCA claim that the United States failed to intervene and prevent officers from using excessive, deadly force. Defendants rely upon *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 858 (10th Cir. 2005), where the Tenth Circuit held "the judgment bar in § 2676 precludes plaintiffs from bringing a *Bivens* claim regarding the same subject matter regardless of whether the final FTCA judgment is rendered in favor of a plaintiff or the government." In *Aguilar*, the district court had entered final judgment on the plaintiffs' FTCA claims. *See id.* The Tenth Circuit accordingly held the judgment entered against the individual defendant, which was based on the same underlying conduct as the FTCA claims, must be vacated. *See id.* Here, Defendants argue once the Court enters final judgment on the claims against the United States in this case, the judgment bar will apply as it did in *Aguilar* and will preclude Plaintiffs' *Bivens* claims against the Individual Defendants.

Defendants distinguish this case from *Simmons*, where the Supreme Court held the judgment bar does not apply when an FTCA claim is dismissed under one of the thirteen jurisdictional exceptions enumerated in 28 U.S.C. § 2680. *See* 136 S.Ct. at 1847–48. Section 2680 states "the provisions of this chapter and section 1346(b) of this title shall not apply" to certain scenarios. 28 U.S.C. § 2680. Defendants insist this Court's dismissal of Plaintiffs' FTCA claim was not pursuant to one of those exceptions so it is not subject to the holding in *Simmons*.

In response, Plaintiffs contend the FTCA judgment bar does not preclude individual claims when the dismissal of the FTCA claim is based on lack of jurisdiction and there is no ruling on the merits. Plaintiffs point out that her FCTA claim was dismissed by this Court for

lack of subject matter jurisdiction because the Court found there was no common law tort under

Oklahoma law recognizing a duty to intervene under the circumstances alleged and a private

party would not be liable. Plaintiffs distinguish the cases relied upon by Defendants, arguing

none of those cases dealt with the instant situation where a FTCA claim is dismissed for lack of

jurisdiction rather than a dismissal on the merits. For example, in *Aguilar*, the FTCA judgment

was made on the merits after a trial. *See* 397 F.3d at 858.[5] Plaintiffs point out that Defendants

cite no authority for their contention that the judgment bar applies when an FTCA claim is

dismissed for lack of jurisdiction under 28 U.S.C. § 1346(b).

Plaintiffs liken this case to *Simmons*, and emphasize that the Supreme Court held the

judgment bar is intended to avoid duplicity of litigation. 136 S. Ct. at 1849. In *Simmons* the

Court reasoned that when a FTCA claim is dismissed because it falls under an exception, "the

judgment bar makes much less sense." *Id.* The Court resolved a Circuit split and held the

judgment bar does not apply to dismissals resulting from section 2680 exceptions because those

exceptions limit the grant of jurisdiction found in section 1346(b) of the FTCA.

In the Reply, Individual Defendants argue the United States' dismissal was not for lack of

jurisdiction. However, the Court amended its prior Memorandum Opinion and Order to clarify

an apparent ambiguity in that the dismissal *was* for lack of jurisdiction.[6] *See* Doc. 112.

Individual Defendants argue that even if the dismissal was jurisdictional, the Court should apply

the plain language of the judgment bar, which does not distinguish between types of judgments.

In support of this contention, Individual Defendants cite *Farmer v. Perrill*, 275 F.3d 958, 961

---

[5] Defendants also rely upon two other cases where the FTCA claims were dismissed on the merits. The FTCA judgment in *Farmer v. Perrill*, 275 F.3d 958, 961 (10th Cir. 2001), was based on the dismissal of plaintiff's FTCA claim for failure to prosecute rather than on the grounds that there was no FTCA jurisdiction. The dismissal was with prejudice and thus a final judgment on the merits. *See id.* at 962. Likewise, in *Engle v. Mecke*, 24 F.3d 133, 134–35 (10th Cir. 1994), the FTCA claim was tried on its merits.

[6] In the Reply, Individual Defendants argue 28 U.S.C. §§ 1346(b)(1) and 2674 are not jurisdictional. However, the Court's Amended Memorandum Opinion and Order resolved any ambiguity in this regard and concluded those FTCA requirements are jurisdictional in nature. *See* Doc. 112, at 7–8.

(10th Cir. 2001), where the plaintiff's FTCA claim was dismissed with prejudice for failure to prosecute. A dismissal for failure to prosecute constitutes an adjudication on the merits. Fed. R. Civ. P. 41(b). The Tenth Circuit thus held the dismissal barred the plaintiff's *Bivens* claims. The Court explained that the bar applies whether the judgment was favorable or non-favorable to the United States. *Id.* at 963. The Court rejected the plaintiff's argument that an FTCA dismissal bars claims against defendants only in their official capacities. *Id.* The Court in *Farmer* also reasoned that "Section 2676 does not distinguish among types of judgments, it is irrelevant that Farmer's FTCA judgment involved a dismissal for failure to prosecute." *Id.* at 964. Thus, Individual Defendants argue, this Court should extend the reasoning in *Farmer* and apply the judgment bar to the jurisdictional dismissal in this case.

Plaintiffs urge that in the absence of jurisdiction, this Court lacks power to enter a judgment in the first place that would trigger the FTCA's judgment bar. The Court agrees. A judgment on the merits, favorable or not, does not carry the same effect as a dismissal for want of jurisdiction. See *Satsky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1468 (10th Cir. 1993) (explaining a dismissal without prejudice is not an adjudication on the merits for claim preclusion purposes). The FTCA is a limited waiver of sovereign immunity, allowing federal courts to exercise jurisdiction over certain claims against the United States, but the scope of such claims are limited. Under the FTCA, federal courts have jurisdiction to award judgments against the United States "if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Defendants are correct in that the judgment bar generally precludes actions against individuals based on the same subject matter as an FTCA judgment. *See* 28 U.S.C. § 2676. Here Plaintiffs' FTCA claim involves the same subject matter as their *Bivens* claim: the alleged negligence of federal officers

during the course of a warrant execution that resulted in Mr. Stout's death. But the analysis does

not end there. Defendants fail to acknowledge the significant differences between a final

judgment on the merits, and a dismissal for lack of subject matter jurisdiction. Having found it

had no jurisdiction under the FTCA, the Court never reached the merits of Plaintiffs' claim.[7]

Because the Court concluded it lacks jurisdiction over Plaintiff's FTCA claim, it has no power to

proceed on the FTCA claim and is unable to enter judgment on the merits.

As Plaintiffs note, the Court in *Simmons* reasoned that a dismissal pursuant to an FTCA

exception means the district court has no jurisdiction over the claim, thus the dismissal of the

FTCA claim does not trigger the FTCA judgment bar. *See* 136 S.Ct. at 1847. Similarly here,

this Court found it had no subject matter jurisdiction over Plaintiffs' FTCA claim; this Court did

not rule on the merits. The Court finds the decision in *Himmelreich v. Fed. Bureau of Prisons*,

766 F.3d 576, 579 (6th Cir. 2014), which was affirmed by the Supreme Court in *Simmons*, to

persuasively shed light on the issue here. In *Himmelreich* the Sixth Circuit explained that "[a]

dismissal for lack of subject-matter jurisdiction does not trigger the § 2676 judgment bar. Put

bluntly, in the absence of jurisdiction, the court lacks the power to enter judgment." *Id.* Likewise

here, the Court has no jurisdiction over Plaintiffs' FTCA claim. The Court did not issue a

judgment on the merits, so the judgment bar will not preclude Plaintiffs' claims against

Individual Defendants.[8]

---

[7] In dismissing Plaintiffs' FTCA claim against the United States (Doc. 112), this Court clarified that such dismissal was exclusively based on Plaintiffs' inability to show that Oklahoma law recognizes comparable liability under the facts alleged, a requirement of 28 U.S.C. §§ 1346(b) and 2674.

[8] Indeed, the Court declined to enter final judgment under Rule 54(b) on behalf of the United States, so there is no final judgment that would trigger the FTCA judgment bar. "By its terms Section 2676 makes a *final* judgment on an FTCA claim preclusive against any *Bivens* action based on the same underlying complaint." *Farmer*, 275 F.3d at 962 (emphasis added); *Aguilar*, 397 F.3d at 858 (judgment bar "precludes plaintiffs from bringing a *Bivens* claim regarding the same subject matter regardless of whether the *final FTCA judgment* is rendered in favor of a plaintiff or the government.") (emphasis added)).

The Court is not persuaded by Individual Defendant's reliance on *Farmer*. The Tenth

Circuit in *Farmer* did not address whether *jurisdictional* dismissals trigger the FTCA judgment

bar. Although the court did explain that any FTCA judgment, regardless of its basis, "bars

*Bivens* actions arising out of the same subject matter because Section 2676 does not distinguish

among types of judgments," the court was discussing judgments in the context of dismissals *with*

*prejudice*. *See* 275 F.3d at 963–64. The court never addressed any argument whether

jurisdictional dismissals trigger the judgment bar, and the court never analyzed the differences

between dismissals on the merits. In fact, in *Farmer* the Court relied upon the Supreme Court's

reasoning in *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001), which addressed

the proper reading of Rules 41(a) and 41(b) in terms of the claim-preclusive effect of a federal

court's dismissal with prejudice-amounting to an "adjudication on the merits." *See id.* at 963.

This reasoning undercuts Individual Defendants' argument that the Court in *Farmer* intended to

extend the judgment bar to all dismissals, regardless of whether such dismissals were on the

merits or not.[9] Individual Defendants maintain that the judgment bar is plainly written and

makes no facial distinction between types of judgments. But the Court will not read the

judgment bar to apply so expansively when it would produce unjust results. Following the

Individual Defendants' view of the judgment bar, for example, a plaintiff's *Bivens* claim would

---

[9] *See Donahue v. Connolly*, 890 F. Supp. 2d 173, 185 (D. Mass. 2012) ("the application of the judgment bar to all procedural or jurisdictional dismissals of FTCA claims does in fact yield absurd results"); *Saleh v. Wiley*, No. 09-CV-02563-PAB-KLM, 2012 WL 4356224, at *5 (D. Colo. June 12, 2012) (judgment bar does not apply where FTCA claim was dismissed for lack of subject matter jurisdiction); *Pellegrino v. U.S. Transp. Sec. Admin.*, No. CIV.A. 09-5505, 2014 WL 1489939, at *8 (E.D. Pa. Apr. 16, 2014) ("the Court's determination that it lacks jurisdiction over the FTCA claims is not a 'judgment' for the purposes of the judgment bar").

be barred even when plaintiffs voluntarily dismiss their FTCA claims without prejudice. Such a broad reading of the judgment bar makes no sense.

The Court further finds the policy behind the judgment bar does not support its application when the underlying FTCA claim is dismissed for a failure to comply with jurisdictional prerequisites contained in Section 1346(b) rather than on the merits. As Plaintiffs appropriately note, the purpose of the judgment bar is to prevent unnecessarily duplicative litigation. *See Simmons*, 136 S.Ct. at 1849; *Will v. Hallock*, 546 U.S. 345, 354 (2006) (concern behind judgment bar is one "of avoiding duplicative litigation, multiple suits on identical entitlements or obligations between the same parties," not "a policy that a defendant should be scot free of any liability"). In *Simmons*, the Court reasoned a dismissal for lack of jurisdiction "signals merely that the United States cannot be liable for a particular claim; it has no logical bearing on whether an employee can be held liable instead." 136 S.Ct. at 1849. There is no likelihood here of dual recovery for Plaintiffs, simply because this Court already found their FTCA claim cannot proceed based on their failure to meet Section 1346(b)'s jurisdictional prerequisites. *See* Doc. 112. Judicial resources are not wasted, and Plaintiffs' FTCA claim remains dismissed. Indeed, Plaintiffs' claims against Individual Defendants were brought in the same lawsuit as the FTCA claims, so there is no duplicative litigation. The Court concludes it is illogical to bar claims against Individual Defendants simply because Plaintiffs failed to meet a jurisdictional requirement on their claim against the Government. Such a result is unduly harsh and unfair. Plaintiffs should not be denied the opportunity to go forward with their claims against Individual Defendants simply because of a lack of jurisdiction over their claim against the United States.

Finally, looking at the text of the judgment bar provision itself, it is apparent that it does not apply to dismissals based on lack of jurisdiction. On its face, the provision states it is a "judgment in an action *under* section 1346(b)" that gives rise to the judgment bar. 28 U.S.C. § 1346(b) (emphasis added). The Court agrees with Plaintiffs that when a district court finds it has no section 1346(b) jurisdiction, the judgment bar does not apply because the dismissal is not a judgment *under* section 1346. The Court has decided against entering final judgment in favor of the United States on Plaintiffs' FTCA claim. Therefore, the Court denies the Motion to Dismiss, or in the Alternative, Summary Judgment, as there is no judgment under section 1346(b) that would preclude Plaintiff's *Bivens* claim.

Accordingly, the Court finds the United States' and Individual Defendants' Motion for Entry of Judgment Pursuant to Rule 54(b) is not well-taken and is therefore **DENIED**. The Court further finds that Individual Defendants' Motion to Dismiss, or in the Alternative, Summary Judgment is not well-taken and is likewise **DENIED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE