# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

LANCE STOUT, individually and as guardian
of C.S., a minor child, and as personal representative
of the Estate of Stacey Michelle Stout, *et al.*,

    Plaintiffs,

v.                                                    Civ. No. 15-379 WPJ

DANNY LONG, *et al.*,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART
## INDIVIDUAL DEFENDANTS' MOTION TO COMPEL

This matter comes before the Court on the Individual Defendants' Motion Under Rule 37 to Compel Disclosure with Brief in Support. *Doc. 160*. In their Motion, the Individual Defendants request that the Court compel Plaintiffs to fully respond to their Interrogatories Nos. 5 and 14 prior to depositions. *Id.* at 11. The Court held a hearing on the Motion on February 1, 2018. *Doc. 161*. At the close of the hearing, the Court issued an oral ruling granting in part and denying in part the relief requested in the Motion. *Id.* at 13-14. This Order memorializes that ruling and gives the factual and legal basis therefor.

    **I.**    **FACTUAL BACKGROUND**

This case and the related case 14-cv-427 WPJ/GBW arise from a common nexus of facts related to the fatal shooting of Stacey and Christopher Stout by law enforcement

officers on April 9, 2013. *Doc. 45* at 5-7. Plaintiffs are the Administrators of the Estate of Stacey Stout and guardians of Stacey and Christopher Stout's minor child, C.S. The plaintiff in the related case is the mother and Personal Representative of the Estate of Christopher Stout. Plaintiffs and the plaintiff in the related case have brought § 1983 and *Bivens* claims against Defendants based on the following common factual allegations.

On April 9, 2013, the Individual Defendants (Danny Long, Oklahoma Highway Patrol Trooper; James Leone, Agent of the Oklahoma Bureau of Narcotics and Dangerous Drugs; Chad Pope, Pottawatomie County Deputy Sheriff; Ed Grimes, Canadian County Deputy; Kevin Johnson, Oklahoma City Police Sergeant; and Callen Stephens and Taran Groom, Deputy U.S. Marshals) were attempting to serve an arrest warrant on Christopher Stout arising from a burglary charge in Payne County, Oklahoma. *Doc. 45* at 6. The Individual Defendants attempted to serve the warrant on Christopher Stout as he and Stacey began driving out of the parking lot of a Motel 6 in Oklahoma City, Oklahoma. *Id.* at 5-6. As Mr. Stout drove away from the motel parking lot, the Individual Defendants performed a tactical vehicle intervention maneuver in order to prevent his flight. *Id.* at 6. According to the Second Amended Complaint, the officers then surrounded Mr. Stout's car with their own vehicles. Inside the car, the Stouts raised their hands with open palms facing the windshield. *Id.* At that point, the Individual Defendants exited their vehicles, took up shooting positions around the

2

Stout vehicle, and fired at least 75 bullets into the car, killing both Stacey and Christopher. *Id.* at 6-7.

## II. LEGAL STANDARDS

### A. Motions to Compel

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* The Court has the authority "to order discovery of any matter relevant to the subject matter involved in the action for good cause." Fed. R. Civ. P. 26(b)(1), Advisory Committee Note to 2000 Amendments.

Federal Rule of Civil Procedure 37(a) permits a party to file a motion to compel responses to properly propounded discovery after a good faith attempt at conferral with the opposing party. *See* Fed. R. Civ. P. 37(a)(1), (a)(3)(B). The Court is required to limit discovery if it determines that the discovery sought is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(iii).

### B. Work Product Doctrine

The work product doctrine was first recognized by the Supreme Court in *Hickman v. Taylor*, 329 U.S. 495 (1947). The purpose of the doctrine is to "shelter[] the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975).

The doctrine applies to "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). Further, the Court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

This latter type of protected information—the mental impressions of the attorney—constitutes opinion work product, which generally receives greater protection than ordinary work product—i.e., facts or materials gathered by an attorney in anticipation of litigation. *See, e.g.*, *In re Qwest Comm'ns Intern., Inc.*, 450 F.3d 1179, 1186 (10th Cir. 2006) (explaining that some courts have held "opinion work product" to be "absolutely privileged," while "non-opinion work product, i.e., fact work product, [] may be discoverable under appropriate circumstances."). *See also Encon Int'l, Inc. v. Garrahan*, 2013 WL 12250907, at *1 (D. Kan. Jan. 16, 2013) (finding the work product doctrine barred an interrogatory asking the defendant to "identify the percentage of fault [the defendant] contends is attributable to [itself] and other persons or entities who caused or contributed to [the plaintiff's] damages" because it "does not ask for an opinion or contention *that relates to a fact* or an application of law *to a fact*" but instead "asks for an opinion regarding what will ultimately be an issue for the jury when it applies the law to the facts presented at trial.").

The party claiming work product protection bears the burden of establishing that

4

the doctrine applies to bar discovery of the disputed material. *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995). While the doctrine bars discovery of an attorney's "strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product." *Id. (*citing *Feldman v. Pioneer Petroleum, Inc.*, 87 F.R.D. 86, 89 (W.D. Okla. 1980)). Moreover, "[a] party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney." *Hickman*, 329 U.S. at 504. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Id.* at 507.

### C. Contention Interrogatories

Under Rule 33, "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed R. Civ. P. 33(a)(2).

Although the Court has the power to delay answers to contention interrogatories until after designated discovery is complete, a plaintiff is "not entitled to withhold discovery information until he has obtained to his own satisfaction all discovery from [the d]efendants." *Johnson v. Kraft Foods. N. Am., Inc.*, 236 F.R.D. 535, 544 (D. Kan. 2006). Rather, "[b]ecause of the simplicity of notice pleading, [the p]laintiff should provide as

5

much information as possible regarding his claims without delay and as early as required. Defendants are 'entitled to know the factual basis of plaintiff's allegations.'" *Id.* (quoting *Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991)). *See also S.E.C. v. Goldstone*, Civ. No. 12-0257 JB/LFG, 2014 WL 4349507, at *30 (D.N.M. Aug. 23, 2014).

"'Requests for opinions or contentions that call for the application of law to fact—contention interrogatories—are proper.'" *S.E.C. v. Goldstone*, 2014 WL 4349507 at *30 (quoting *Kraft Foods*, 236 F.R.D. at 544) (internal alterations omitted). *See also D'Alise v. Basic Dental Implant Sys., Inc.*, Civ. No. 10-0016 WJ/DJS, 2010 WL 11552977, at *3 (D.N.M. July 12, 2010) ("The general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required.") (quoting *Starcher v. Correctional Med. Sys., Inc.*, 144 F.3d 418, 421 n.2 (6th Cir. 1998), *aff'd sub nom. Cunningham v. Hamilton Cty.*, 527 U.S. 198 (1998)). Rule 33 and its advisory notes "clearly indicate that requests for opinions of contentions that call for application of the law to fact are proper." *Id.* (citing Fed. R. Civ. P. 33(a)(2) and the Advisory Committee Notes to 1970 Amendments).

Contention interrogatories are useful for the purpose of providing the requesting party "the opportunity to determine what proof is necessary to effectively refute [the opposing party's] position" on the issues in contention. *Pouncil v. Branch Law Firm*, 277 F.R.D. 642, 650 (D. Kan. 2011). Where an interrogatory cannot be fully answered prior

to the completion of discovery, it is appropriate to order the party to answer such interrogatory "as fully as they can, keeping in mind their continuing obligation to supplement their discovery responses as additional or different information becomes available." *Id.*

III. ANALYSIS

The Court will discuss both interrogatories at issue together, as the interplay between Interrogatory No. 5 and Interrogatory No. 14 is fundamental to the parties' dispute regarding them.

**Interrogatory No. 5:**

For each individual defendant, separately identify and state in detail the material facts Plaintiffs rely upon to support the contention that they used excessive force, including the identification of any documents or witnesses relied upon.

*Doc. 160-3 at 3.*

**Plaintiffs' Response to Interrogatory No. 5:**

Discovery is ongoing, the information which Plaintiffs have is that all of the Individual Defendants fired at Christopher and Stacey Stout on the evening of April 9, 2013 and did so without any objectively reasonable basis. One witness, Salter [sic] Priester has given a statement that both Christopher and Stacey Stout had their hands raised when the shots were fired. Another witness, Ms. Battershell, has stated in the statement previously produced that quickly after stopping the vehicle containing the Stouts the Individual Defendants began firing. Oklahoma City has stated in its Answer to the Second Amended Complaint that the Task Force members commenced firing when Christopher Stout began raising his hands. Oklahoma City Answer to Second Amended Complaint, Dkt. #48 at 3 ¶ 11. All of these facts support the Plaintiffs' allegation that excessive force was used. Plaintiffs will supplement this response as appropriate.

7

*Id.* at 3-4.

Plaintiffs served the response to Interrogatory No. 7 on July 7, 2017. *Id.* at 8. On October 19, 2017, the Court held a status conference regarding a pending pretrial deadline extension request made by Plaintiffs and Defendant Oklahoma City. *Doc. 151.* During that conference, Plaintiffs' counsel represented that Plaintiffs' case depends more heavily on the Individual Defendants' statements which were given during the investigation following the shooting than on the testimony of unavailable eyewitness Salters Priester. *Id.* at 3. Plaintiffs' counsel indicated that these statements of the Individual Defendants demonstrated inconsistencies in the officers' accounts of the shooting, which prompted defense counsel to include Interrogatory No. 14 in the Individual Defendants' Second Set of Interrogatories to Plaintiffs (*doc. 160-4*), served later that same day. *See doc. 160* at 4-5.

**Interrogatory No. 14:**

If you contend that any statement by any particular Individual Defendant regarding the incident is inconsistent with that individual's other statements regarding the incident or inconsistent with the statements of the other Individual Defendants, identify and explain each alleged inconsistency.

*Doc. 160-4* at 1-2.

**Plaintiffs' Response to Interrogatory No. 14:**

Plaintiffs object to this Interrogatory on the grounds that it invades the attorney work product privilege.

*Doc. 160-5* at 2.

The Individual Defendants argue that Plaintiffs' response to Interrogatory No. 5, which asks for all material facts, documents, and witnesses on which Plaintiffs rely to support their contentions, must be incomplete because it contains no mention of any statement made by any of the Individual Defendants. They contend that that absence is at odds with the representation made by Plaintiffs' counsel that Plaintiffs' case depends heavily on the Individual Defendants' statements. *See doc. 160* at 4-9.

Moreover, the Individual Defendants assert that Plaintiffs are operating under a misinterpretation of the Rules governing discovery in light of the position Plaintiffs' counsel took during the conferral process prior to the filing of the present motion. Specifically, Plaintiffs' counsel wrote to defense counsel in an email dated January 7, 2018:

> [Interrogatory No. 14] is clearly improper – seeking the impressions of counsel and trial strategy. That is classic work product. [O]ur responses to discovery have given you a firm grasp as to the core of the facts that we rely upon to prove our claims. The relatively succinct statements of the individual officers that were present at the shooting which you reference, together with Mr. Priester's statement and Ms. Battershell's statement set forth the core of the facts that we rely upon to establish that the Individual Defendants acted with deliberate indifference and used excessive force when they killed Christopher and Stacey Stout. . . . [W]hat you clearly are seeking in both [Interrogatories Nos. 5 and 14] is how we will argue at trial that these facts prove our case. You have the facts, you are not entitled to be told how we will argue that those facts establish [Plaintiffs' claims].

*Doc. 160-2* at 2.

9

Broadly, the Individual Defendants rely on two primary arguments in support of their motion to compel responses to Interrogatories Nos. 5 and 14. First, they contend that Plaintiffs are improperly using the work-product doctrine as a shield against discovery of information known only to their attorneys, which is an errant interpretation of the contours of the doctrine. *Doc. 160* at 6-9. They rely on *Hickman* and *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 629 (N.D. Okla. 2009) for the proposition that an interrogatory is not objectionable because a party's attorneys know the information, but the party does not. *Id.* at 7. *See Hickman*, 329 U.S. at 504 ("A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney.").

Second, the Individual Defendants argue that the work-product doctrine "does not provide protection for 'facts concerning the creation of work product or facts contained within the work product.'" *Doc. 160* at 7-8 (quoting *Resolution Trust Corp.*, 73 F.3d at 266). In fact, they argue, "Rule 33 expressly permits contention interrogatories that delve into opinion work product 'because it asks for an opinion or contention that relates to fact or the application of law to fact.'" *Id.* at 8 (quoting *Tyson Foods*, 262 F.R.D. at 630 and Fed. R. Civ. P. 33(a)(2)). In other words, contrary to Plaintiffs' position outlined above in their counsel's January 7, 2018 email, the Individual Defendants assert that they are "entitled to know how Plaintiffs will argue their case at trial." *Doc. 160* at 6 (citing *Continental Ill. Nat. Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682,

10

684 (D. Kan. 1991) ("An interrogatory may properly inquire into a party's contentions in the case and the factual basis therefor.")).

The Individual Defendants further note that Plaintiffs did not object to Interrogatory No. 5 in their initial response, and that they have therefore waived any work-product objection to Interrogatory No. 5. Thus, to the extent the information sought in Interrogatory No. 14 would also be responsive to Interrogatory No. 5, the Individual Defendants argue Plaintiffs should be compelled to supplement their response to No. 5 with such information. *See doc. 160* at 9-10.

Finally, the Individual Defendants ask the Court to compel supplementation of Interrogatories Nos. 5 and 14 before they are deposed, to allow them to fully prepare for deposition and "to prevent Plaintiffs from taking advantage of their delay in providing full discovery responses." *Id.* at 10.

Plaintiffs filed no response to the present motion. However, during the motion hearing, Plaintiffs' counsel explained to the Court that counsel had been mistakenly operating under the impression that this case and the related case, *Theresa Stout v. Danny Long, et al.*, 14-cv-427 WPJ/GBW, were consolidated for purposes of the motion. *See doc. 161* at 2. The plaintiff in the related case did file a response to the substantially similar motion to compel filed by the individual defendants there. Contrary to counsel's understanding, the cases are not formally consolidated and all filings must be made on the dockets for both cases. Nonetheless, the Court ruled during the hearing

11

that it would treat the response in the related case (*doc. 198* in 14-cv-427 WPJ/GBW) as a response to both motions, rather than grant the present motion on such a technicality. The Court cautioned Plaintiffs' counsel that it would not be so lenient in the future.

In the response filed in the related case ("*doc. 198*"), Plaintiffs note that the Court has already ruled that they have alleged sufficient plausible facts in the Second Amended Complaint to overcome the Individual Defendants' Second Motion to Dismiss. *Doc. 198* at 1-2; *see also doc. 91*. Therefore, Plaintiffs contend that the Individual Defendants are merely attempting to reassert their already-rejected arguments by pressing Plaintiffs to supplement their response to Interrogatory No. 5.[1] *Doc. 198* at 1-2. Further, Plaintiffs emphasize that, because Stacey and Christopher Stout were killed during the shooting giving rise to Plaintiffs' cause of action, Plaintiffs lack access to any evidence from eyewitnesses or other persons with direct knowledge of the events to further support their excessive force claim, and they have thus fully responded to Interrogatory No. 5. *Id.* at 2-3, 5-6.

As to Interrogatory No. 14, Plaintiffs contend that it "impermissibly inquire[s] into the mental impressions and trial strategy of Plaintiff[s'] counsel, as its subject matter is well beyond the ken of a party unlearned in the law, i.e., Plaintiff[s.]" *Id.* at 3. Therefore, Plaintiffs argue that asking them to provide arguments that their counsel

---

[1] Interrogatories Nos. 5 and 14 are numbered, respectively, Interrogatories Nos. 7 and 19 in the related case. In summarizing Plaintiffs' positions on the matters at issue, the Court has superficially altered the numbering contained in the plaintiff's briefing in Case No. 14-cv-427 to avoid confusion.

may make during deposition or trial regarding perceived inconsistencies of the Individual Defendants' statements violates the work-product doctrine. *Id.* at 3-4. Plaintiffs further note that providing their counsel's assessments of the opposing parties' post-shooting statements will detract from the "honesty and spontaneity" of the depositions of the Individual Defendants. *Id.* at 4.

The Court agrees that Interrogatory No. 14 impermissibly seeks insight into Plaintiffs' counsel's trial strategy. Specifically, Rule 33 allows a party to discover the opposing party's "opinion or contention that relates to fact or the application of law to fact[.]" Fed. R. Civ. P. 33(a)(2). As the Advisory Committee has explained, Rule 33's authorization of such "contention interrogatories" will necessarily require a party or her attorney "to disclose, to some extent, mental impressions, opinions or conclusions" in response. Fed. R. Civ. P. 26(b)(3), Advisory Committee Note to 1970 Amendments.

However, as the Court explained during the hearing on the present motion, Individual Defendants' Interrogatory No. 14 does not request mere factual contentions, or legal opinions requiring the application of law to fact. Rather, the Individual Defendants ask Plaintiffs to reveal their counsel's perceptions of inconsistencies between or among the official statements that the officers gave regarding the shooting. In other words, the interrogatory asks Plaintiffs to explain how their counsel plans to impeach their party-opponents.

Importantly, an attacking party cannot use inconsistencies in her party-

13

opponent's statements as substantive evidence to prove her case, unless such statements qualify as prior inconsistent statements pursuant to Fed. R. Civ. P. 801(d)(1)(a). Defense counsel acknowledged during the hearing that the statements at issue do not so qualify, as they were not taken under oath during a legal proceeding. *See doc. 161* at 7-8. Therefore, any such inconsistencies between or among the statements would not qualify as "facts Plaintiffs rely upon to support the contention that [the Individual Defendants] used excessive force," as requested by Interrogatory No. 5. Instead, such inconsistencies constitute trial-strategy material that Plaintiffs' counsel may use to attack the credibility of the Individual Defendants and their version of events at trial or during their depositions. That type of material is protected by the work-product doctrine and is thus not discoverable. *See Nobles*, 422 U.S. at 238; *In re Qwest Comm'ns Intern., Inc.*, 450 F.3d at 1186; *cf. Lee v. Metro. Gov't of Nashville/Davidson Cty.*, 2008 WL 687516, at *4 (M.D. Tenn. Mar. 11, 2008) (holding that the work-product doctrine did not protect against a contention interrogatory that did not ask the plaintiffs to "assess credibility, or provide the defendant with discrepancies in the defendants' testimony[,]" but rather merely requested that they "clarify [their] contentions as to specific defendants and . . . provide the facts that support those contentions.").

Although the work-product doctrine protects against the disclosure sought by Interrogatory No. 14, the Individual Defendants' Interrogatory No. 5 does not suffer from the same defect. The information sought in Interrogatory No. 5 is exactly the type

14

of information anticipated by Rule 33(a)(2) as discoverable. Specifically, Interrogatory No. 5 seeks "the material facts" that Plaintiffs rely upon to support their excessive force claim, "including the identification of any documents or witnesses relied upon." *Doc. 160-3* at 3. In their response, Plaintiffs identified the statements of two witnesses and a portion of Defendant Oklahoma City's Answer to Plaintiffs' Second Amended Complaint. *Id.* at 3-4.

However, at the hearing on the present motion, Plaintiffs' counsel did not dispute that Plaintiffs may pursue alternative theories of liability on their excessive force claim based on, for example, the tactical vehicle intervention method used by the Individual Defendants, the number of shots taken, and possible violations of the policies and procedures governing the use of force promulgated by their respective law enforcement agencies. *See doc. 161* at 5-6, 8-9. Yet Plaintiffs' response to the contention interrogatory lacks any reference to any material fact, document, or witness that could support these theories. It is therefore deficient. *See Kraft Foods*, 236 F.R.D. at 544 (requiring the plaintiff to "provide as much information as possible regarding his claims without delay and as early as required" because the defendants are "entitled to know the factual basis of plaintiff's allegations" (quotations omitted)); *Anaya v. CBS Broad. Inc.*, Civ. No. 06-0476 JB/KBM, 2007 WL 2219458, at *8 (D.N.M. May 16, 2007) (valid reasons for compelling answers to contention interrogatories include allowing defendants to "clarify the issues in the case, narrow the scope of the dispute, [and]

15

decide if early settlement discussions should be entered into or whether there is a substantial basis for bringing a motion for summary judgment"); *see also Hickman*, 329 U.S. at 501 (explaining that the discovery process serves "to narrow and clarify the basic issues between the parties, and [] as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues").

Based on the foregoing, the Court will deny the Individual Defendants' motion to compel supplementation of Plaintiffs' response to Interrogatory No. 14, but will grant the motion to compel supplementation of Plaintiffs' response to Interrogatory No. 5. Plaintiffs must identify all material facts and documents that they contend support their excessive force claim, including of ballistics reports, witness statements, policies and procedures, and any other evidence contained in the investigative report or elsewhere that Plaintiffs may use to support the claim.[2]

## IV. CONCLUSION

Based on the foregoing, the Individual Defendants' Motion to Compel (*doc. 160*) is DENIED IN PART and GRANTED IN PART as follows.

---

[2] In their reply filed in the related case (*doc. 199* in 14-cv-427 WPJ/GBW), the Individual Defendants belatedly sought additional Rule 37 sanctions against Plaintiffs on the basis of their incomplete response to Interrogatory No. 5. Specifically, the Individual Defendants asked the Court to order "that Plaintiff[s are] not allowed to use *any* material from the Investigative Report or received in response to third-party subpoenas on a motion, at a hearing, or at a trial" because they failed to identify any such material in response to this contention interrogatory. *Id.* at 7; *see also* Fed. R. Civ. P. 37(c)(1). This sanctions request is untimely; further, counsel for the Individual Defendants effectively abandoned it at the hearing by failing to request such sanctions. The Court therefore denies this request.

16

The Court ORDERS Plaintiffs to supplement their response to Interrogatory No. 5 by providing a full and complete inventory of all material facts and documentation that they presently contend are supportive of any potential theory of liability underlying their excessive force claim against the Individual Defendants.

Due to the prejudice caused by Plaintiffs' insufficient response to Interrogatory No. 5, the Court vacated the depositions set for February 2, 2018 and throughout the week of February 5-9, 2018. Therefore, it is further ORDERED that those vacated depositions may not be taken until seven days after the production of Plaintiffs' amended response to Interrogatory No. 5.

Interrogatory No. 14 impermissibly seeks information protected by the attorney work-product doctrine. Accordingly, the Individual Defendants' motion to compel an answer thereto is DENIED.

**IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE